# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3382 | **DATE** | 11/30/2011 |
| **CASE TITLE** | John M. Batiste, Jr. vs. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT**

The case is dismissed for plaintiff's failure to effectuate service within 120 days of the filing of his complaint and the initial issuance of summonses for service pursuant to Fed. R. Civ. P. 4(m). This is a dismissal without prejudice. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1007 (7th Cir. 2011). Civil Case Terminated.

■[ For further details see text below.]        Docketing to mail notices.

## STATEMENT

Pro se plaintiff John M. Batiste, Jr. has brought suit pursuant to 42 U.S.C. § 1983 challenging the conditions of confinement while he was detained at the Cook County Jail. Plaintiff was granted *in forma pauperis* status and leave to proceed with his case following the Court's initial review. [5] The Court appointed the United States Marshals Service to effectuate service on plaintiff's behalf and summonses were issued by the Clerk on July 7, 2011. *Id*.

The Marshals Service returned the summonses unexecuted on September 8, 2011. [8] It explained that plaintiff failed to return the USM-285 within 30 days as required. When the Marshals Service is appointed to serve a defendant on behalf of a plaintiff, it receives the summonses and copy of the complaint from the Court. In turn, the Marshals Service issues a USM-285 to the plaintiff and requires the plaintiff to complete the form. Plaintiff must provide address information for the named defendants and the Marshals Service uses this to effectuate service. When the USM-285 is not completed within 30 days, the Marshals Service's practice is to return the summonses to the Court unserved and that is what occurred here. [8]

The Court issued an order on September 22, 2011 noting the return of the summonses, ordering issuance of alias summonses, instructing Plaintiff that he must complete the USM-285 in a timely fashion as required, and warning that failure to comply would result in dismissal of the case under Fed. R. Civ. P. 4(m).[9] The Marshals Service has returned summonses unexecuted to the Court, now for a second time, due to Plaintiff's failure to complete the USM-285. [10].

Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to properly effectuate service of process on the defendant within 120 days of filing the complaint. Fed. R. Civ. P. 4(m). The 120 day time frame is designed to encourage parties to diligently pursue their cases. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011) (citing *Geiger v. Allen*, 850 F.2d 330, 331 (7th Cir. 1998)). The Court is required to extend

**STATEMENT**

the deadline for service when the plaintiff demonstrates good cause for his failure to effectuate service within the 120 day time frame. *United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006). Good cause is "a valid reasons for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002) (citations omitted). If there is an absence of good cause, the Court may dismiss the complaint (if the plaintiff has already received a warning that his failure would result in dismissal), or extend the deadline to a future date. *Cardenas*, 646 F.3d at 1005 (citing Fed. R. Civ. P. 4(m)). The choice is left to the Court's discretion. *Cardenas*, 646 F.3d at 1005 (citing *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008)). Although the language of Rule 4(m) does not provide any factors for guiding the Court's discretion, the Court should consider the "relative hardships [to] the parties . . . between dismissal and extension of time." *Cardenas*, 646 F.3d at 1005 (citations omitted).

This case has hit an apparent dead end. Plaintiff has failed to complete the USM 285, a one page form necessary to move along service. This form is not onerous, it simply requires Plaintiff to provide an address for each defendant. It has been the Court's experience in other cases that pro se plaintiffs routinely are able to successfully complete the USM 285, allowing for service and moving their cases forward. The Court has not received any communication, much less an explanation for the failure to complete the USM 285, from Plaintiff. Thus, the Court cannot find good cause for Plaintiff's failure to serve with 120 days and no evidence counseling in favor of granting of an extension under the Court's Rule 4(m) discretion.

The Court's prior warning explained that failure to service would result in the case's dismissal. [9] Plaintiff has already twice failed at service and the Court sees no reason on the current state of the record to give a third chance. At this point, issuing an additional set of summonses would be a waste of the Court's and the Marshals Service's resources. Finally, there is nothing before the Court at this time giving rise to a concern that a statute of limitations might be implicated by dismissing Plaintiff's suit. In fact, according to the complaint, the relevant conduct took place in April and May of this year.

For all of the reasons stated above, this case is dismissed for Plaintiff's failure to effectuate service within 120 days of the filing of his complaint and the initial issuance of summonses for service pursuant to Fed. R. Civ. P. 4(m). This is a dismissal without prejudice. *Cardenas*, 646 F.3d at 1007.